UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BONNIE BARNES, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PAUL LOTT, SR., DECEASED, | § § § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 4:10-CV-2007 |
| | § | |
| THE WESTBURY PLACE AND SSC HOUSTON WESTBURY PLACE OPERATING COMPANY LP DOING BUSINESS AS THE WESTBURY PLACE, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendants' Objections to Plaintiff's Chapter 74 Expert Report and Motion to Dismiss (Doc. No. 7). After considering the foregoing Motion, the Court finds that the motion must be granted in part and denied in part.

## I. BACKGROUND

This is a medical negligence case in which Plaintiff, Bonnie Barnes, alleges that Defendants failed to provide proper nursing care to Paul Lott, Sr., resulting in the amputation of Mr. Lott's leg and his subsequent death. Plaintiff, who is Mr. Lott's daughter, has brought this suit in her individual capacity and her capacity as the personal representative of the estate of Mr. Lott. (Pl. Amended Complt. ¶ 5.) In February 2008, Mr. Lott was transferred from the Methodist Hospital to the care of The Westbury Place in Houston, Texas. (Pl. Orig. Pet. at 2.) When he was admitted to The Westbury Place, Mr. Lott did not have any pressure sores. (*Id.*) However, within a few days of being admitted, Mr. Lott developed ulcers on his heels. (*Id.*) Within a month of

admittance to The Westbury Place, Mr. Lott possessed ulcers on his feet, legs, and hip and had to be taken by ambulance to St. Luke's Hospital. (*Id.*) By that point, gangrene had developed in Mr. Lott's left leg, which had to be amputated. (*Id.* at 3, 4.) Plaintiff claims that Mr. Lott's physical deterioration was caused by Defendants' failure to assess, identify, and monitor Mr. Lott's skin condition, failure to provide the necessary care to promote Mr. Lott's healing, failure to prevent new ulcers from developing, and failure to recognize Mr. Lott's change in condition. (*Id.* at 3.)

On May 1, 2010, Plaintiff filed suit against Defendants in Harris County, Texas alleging that Defendants' actions constituted negligence and malpractice. Defendants answered on June 3, 2010 and subsequently removed the case to this Court on June 7, 2010 on the basis of diversity jurisdiction. On July 29, 2010, Plaintiff sent Defendants an expert report as required by Chapter 74 of the Texas Civil Practice and Remedies Code. (Doc. No. 7, Exh. B.) On August 18, 2010, Defendants filed objections to the expert report and a motion to dismiss. (Doc. No. 7.) Plaintiff has not filed a response to either Defendants' objections to the expert report or their motion to dismiss. The motion is ripe for disposition.

## II.   LEGAL STANDARD

Chapter 74 of the Texas Civil Practice and Remedies Code outlines procedures that a claimant must follow when filing a "health care liability claim," defined as, *inter alia*, a cause of action against a health care provider for negligence that proximately results in injury or death to the claimant. TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13). Chapter 74 requires a claimant to submit an expert report and curriculum vitae for each expert to the opposing party not later than 120 days after filing the original petition. *Id.* § 74.351(a). The expert report must contain the expert's opinions regarding the "applicable standards of care, the manner in which the care rendered by the . . . health care provider failed to meet the standards, and the causal relationship

between that failure and the injury, harm, or damages claimed." *Id.* § 74.351(r)(6). Although a properly-qualified non-physician may render an expert opinion on the first two issues (standards of care and breach of the standard of care), only a physician may offer an opinion as to issue of causation. TEX. CIV. PRAC. & REM. CODE §§ 74.402(b), 74.403(a); *Hillcrest Baptist Med. Ctr. v. Wade*, 172 S.W.3d 55 (Tex. App.—Waco 2005, pet. dism'd). A claimant is not required to submit a single report containing opinions on all three issues, but may satisfy the expert report requirement by submitting reports of separate experts regarding different issues arising from the health service provider's conduct. TEX. CIV. PRAC. & REM. CODE § 74.351(i).

If the opposing party timely objects to the expert report, and the expert report is found to be deficient, "the court may grant one 30-day extension to the claimant in order to cure the deficiency." *Id.* § 74.351(c). The 30-day extension shall run from the date that the claimant receives notice of the court's grant of an extension if the claimant does not receive notice of the court's ruling until after the 120-day deadline for filing expert reports has passed. *Id.*

### III. ANALYSIS

Defendants object to Plaintiff's expert report that was written by Lucilla Yeung, R.N. Defendants argue that the report is deficient in the following respects: (a) the report is unsigned; (b) the report is not accompanied by Ms. Yeung's curriculum vitae and, therefore, it is impossible to determine whether Ms. Yeung is qualified to render an opinion on acceptable standards of medical care and the alleged breach of those standards; and (c) Ms. Yeung is not qualified to act as an expert on the issue of causation. The Court need not address Defendants' first objection because the latter two are persuasive.

As to Defendants' second objection, Plaintiff's failure to provide Ms. Yeung's curriculum vitae ("CV"), the Court agrees that Ms. Yeung's expert report is deficient in this

3

regard. Although Ms. Yeung's expert report refers to her CV as an exhibit to the report, it appears that no CV was, in fact, attached. Chapter 74 is clear that the expert report must be accompanied with a curriculum vitae ("CV"). TEX. CIV. PRAC. & REM. CODE § 74.351(i). Without a CV, this Court cannot assess whether Ms. Yeung is properly qualified as a non-physician under § 74.402 to render an opinion regarding the acceptable standard of care and whether that standard was breached by Defendants. Therefore, the Court grants Defendants' objection to Ms. Yeung's report on this basis and allows Plaintiff thirty days from the date of this order to cure the deficiency.

As to Defendants' third objection, that Ms. Yeung is not qualified to render an opinion on causation, the Court also agrees. It is clear from the statute and Texas case law that only a physician may offer an expert opinion on the issue of causation. TEX. CIV. PRAC. & REM. CODE § 74.403(a); *Hillcrest Baptist Med. Ctr. v. Wade*, 172 S.W.3d 55 (Tex. App.—Waco 2005, pet. dism'd). Ms. Yeung states that she is a registered nurse and does not claim to be a physician. (Doc. No. 7, Exh. B at 1-2.) Therefore, Ms. Yeung is not qualified to render an expert opinion on the issue of causation and her expert report is deficient in this regard. The Court grants Defendants' objection on this basis. The Court allows Plaintiff thirty days from the date of this order to cure the deficiency by submitting an expert report from a properly qualified expert (i.e., a physician) regarding the issue of causation of Mr. Lott's injuries by Defendants' provision of health care services.

## IV. CONCLUSION

Defendants' Objections to Plaintiff's Chapter 74 Expert Report and Motion to Dismiss (Doc. No. 7), is **GRANTED IN PART** as to Defendants' objections to Plaintiff's expert report and **DENIED IN PART** as to Defendants' motion to dismiss. Plaintiff is directed to file an

expert report or expert reports that cure the deficiencies identified in this Order no later than thirty days after receiving notice of this Order.

**IT IS SO ORDERED.**

**SIGNED** this 8 day of December, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.